UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDO DOV ROTHFELD ZOLDAN, </br></br> Plaintiff, </br></br> v. </br></br> PRESIDENT OF THE UNITED STATES, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Case No. 21-cv-00388 (APM) </br> ) </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM OPINION

Plaintiff Ido dov rothfeld Zoldan brings this action as his deceased brother's heir to enforce a purported "agreement" between the United States and his brother. Compl., ECF No. 1 [hereinafter Compl.]. Because Plaintiff's claims are patently frivolous, the court sua sponte dismisses the Complaint and this action.

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" or "obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citations omitted) (internal quotation marks omitted); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when 'it is patently insubstantial, presenting no federal question suitable for decision.'" (internal quotation marks omitted) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))). Claims are insubstantial and frivolous if they are "essentially fictitious" or advance "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Best*, 39 F.3d

at 330 (internal quotation marks omitted). In such cases, a district court may dismiss the case sua sponte. *See id.*

Here, Plaintiff alleges that "he is the legal heir of [his brother] Zvika, who entered into an agreement with the federal government regarding the manufacture of an Israeli weapon sketched by him, of the type 'Tavor,'" Compl. ¶ 1, and that "according to the agreement Zvika is the son of all future presidents," *id.* ¶ 3. Plaintiff says he "will argue that the agreement provides that his brother would receive anything he wants," *id.* ¶ 5, and as his brother's legal heir, he is "entitled to benefits and to be recognized as a U.S. citizen," *id.* ¶ 9 (emphasis omitted).

The court is mindful that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But Plaintiff's claim is clearly fantastic, delusional, and "essentially fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted). Accordingly, the court dismisses the Complaint and this action for lack of subject matter jurisdiction.

A separate final, appealable order accompanies this Memorandum Opinion.

Dated: February 17, 2021

Amit P. Mehta
United States District Court Judge